UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BOBBY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 11-CV-3195 |
| ) | |
| EUGENE MCADORY et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on several claims arising from unrelated incidents.

On July 19, 2011, Judge Baker ordered Plaintiff to post $100 as security for the potential assessment of costs against him, given Plaintiff's litigation history.[1] The case was transferred to this Court in

---

[1] During his imprisonment, Plaintiff earned more than three "strikes" under 28 U.S.C. Section 1915(g). However, he is not barred from bringing this action in forma pauperis because he is no longer a "prisoner" as defined in that statute.

September, 2011.  On October 7, 2011, Plaintiff posted the $100 security.

The case is before this Court for a ruling on Plaintiff's petition to proceed in forma pauperis.  The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).  Additionally, a court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ."

Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" <u>Id.</u>, quoting <u>Bell Atlantic</u>, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic</u>, 550 U.S. at 555-56.  However, pro se pleadings are liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

ANALYSIS

Before turning to Plaintiff's allegations, the Court notes that

Plaintiff has improperly joined unrelated claims in this case. Fed. R. Civ. P. 20(a)(2) states in relevant part that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

However, filing separate lawsuits would be futile if Plaintiff's allegations state no claims. Therefore, the Court will first determine what federal claims, if any, are stated by Plaintiff's allegations.

No federal claim is stated against Defendant Simpson for her alleged failure to properly handle Plaintiff's grievances. See Antonelli v.

Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Nor is a claim stated against Defendants Kibby, the former Director of Rushville, or Warden Gatez, the warden of Menard Correctional Center. Administrators are not liable for their subordinates' constitutional violations solely because those administrators are in charge. See Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).

Additionally, Plaintiff states no access-to-courts claim because he does not identify any actual prejudice he suffered. Lewis v. Casey, 518 U.S. 343, 351 (1996)(access to the courts claim only arises if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim). Nor do Plaintiff's vague allegations of retaliation give rise to a plausible inference that he was retaliated against for exercising protected constitutional rights.

Plaintiff's allegations regarding the false disciplinary reports and

5

the inadequate notice of charges also state no claim.  Procedural due process protections are triggered only when the deprivation suffered is constitutionally significant.  Demotions in status and the loss of some privileges are not the kind of significant deprivations that trigger procedural due process protections.  For example, the Seventh Circuit has held that a Rushville resident's demotion from general to intermediate status, special management status, or close status does not trigger procedural due process protections.  Miller v. Dobier, 634 F.3d 412 (7th Cir. 2011).  The restrictions attendant to those demotions are "too limited to amount to a deprivation of constitutional liberty."  634 F.3d at 415.  Plaintiff's attached behavioral committee reports indicate that Plaintiff received either no changes in status, or the kind of demotions in status that do not trigger procedural due process protections.  (Complaint, pp. 12, 17, 26, 36).  Separation from the general population is not, by itself, a significant deprivation.  Id. at 414.  For the same reason, temporary placement in segregation pending review of a disciplinary charge alleging threatening and intimidating behavior

does not violate Plaintiff's procedural due process rights. That placement is rationally related to the facility's legitimate security concerns. See <u>Holly v. Woolfolk</u>, 415 F.3d 678 (7th Cir. 2005)(pretrial detainee's placement in segregation for two days without hearing did not state claim for violation of due process rights); <u>Higgs v. Carver</u>, 286 F.3d 437 (7th Cir. 2002)(no procedural due process required if pretrial detainee placed in segregation for managerial reasons).

Plaintiff also alleges that his constitutional rights were violated in Menard Correctional Center when a committee chairperson and the warden failed to sign a final summary report authorizing Plaintiff's punishment on disciplinary charges. However, no constitutional duty requires persons to sign disciplinary decisions. Accordingly, Plaintiff states no claim with regard to his disciplinary punishment at Menard.

This Court does see two possible claims. First, Plaintiff alleges that Defendant Kerr refused to allow Plaintiff to use the bathroom while at the Cook County Courthouse, despite Kerr's alleged knowledge that Plaintiff had a bladder infection. Plaintiff alleges that he was forced to

urinate on himself because he could no longer hold his bladder. These allegations state a potential due process claim, though the grievance response attached to the complaint tells a different story. According to the grievance response, Plaintiff had an opportunity to use the bathroom when he first arrived at the Courthouse. When Plaintiff asked to use the bathroom at 11:30 a.m., he was told he must wait until the juveniles were finished using the bathroom. According to the grievance response, Plaintiff then became irate, exposed himself, and urinated on the floor. The grievance response also states that Plaintiff's bladder infection had cleared months before this occurrence. (Complaint, p. 47).

At this juncture, the Court cannot credit the grievance response over Plaintiff's allegations. However, Plaintiff should be aware that he risks sanctions for bringing a frivolous and malicious claim if Defendants are granted summary judgment on this claim.

The second possible claim arises from Plaintiff's allegations that he was deprived of a mattress, cover, clothing, and hygiene necessities for 11 days in March, 2011, after being placed in segregation. Plaintiff is

entitled to humane conditions, including adequate clothing, shelter, and hygiene necessities. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008). The Court concludes that dismissal of this claim would be premature.

IT IS THEREFORE ORDERED:

    1)    Plaintiff states two federal due process claims: 1) a claim against Defendant Kerr for Kerr's alleged refusal to allow Plaintiff to use the bathroom on a court writ; and, 2) a claim against Defendants McAdory, Williams, and Parson for confining Plaintiff for 11 days in a room with no mattress, cover, clothing or hygiene necessities. Plaintiff's petition to proceed in forma pauperis is accordingly granted (d/e 2).

    2)    The claims identified in paragraph one above are not properly joined in one action. Accordingly, by December 31, 2011, Plaintiff is directed to inform the Court in writing which claim he will pursue in this case. If Plaintiff wishes to pursue both claims he must file, by December 31, 2011, a motion to sever one of the claims into a separate lawsuit. Plaintiff will be required to post an additional bond of $100 in the separate lawsuit. If Plaintiff does not respond to this order by December

31, 2011, this case will be dismissed in its entirety, without prejudice.

3) Except for the claims and Defendants identified in paragraph one above, all other claims and Defendants are dismissed for failure to state a claim.

ENTERED:   December 2, 2011

FOR THE COURT:

                                s/Sue E. Myerscough
                            SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE