UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BOBBY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3195 |
| | ) | |
| EUGENE MCADORY et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On December 2, 2011 the Court entered an order defining the claims in this case and concluding that those claims were improperly joined in one action. Plaintiff was directed to inform the Court which claim he wished to pursue in this case. He was also directed to file a motion to sever if he wished to proceed with the unrelated claim by opening another case and posting an additional bond of $100.

Plaintiff responded by filing an objection, which the Court construes as a motion for reconsideration. Plaintiff asserts that

1

Defendant Kerr retaliated against him by filing a disciplinary ticket against Plaintiff because Defendant Kerr was unsatisfied with the discipline Plaintiff had already received for the incident. This does not state a retaliation claim because the basis for the retaliation was Plaintiff's perceived lenient punishment, not the exercise of any First Amendment right by Plaintiff.

Plaintiff seems to assert in his objections that he does not intend to pursue a claim against Kerr for Kerr's refusal to allow Plaintiff to use the restroom. Accordingly, this claim will be dismissed along with Defendant Kerr, and no additional bond will be imposed.

Plaintiff also objects to the dismissal of the other Defendants. As the Court explained, administrators are not liable for their subordinates' constitutional violations solely because those administrators are in charge. See Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Additionally, an individual is not personally responsible for a constitutional violation caused by someone else solely because that individual  rules against a

plaintiff in grievances about the incident. <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff asserts in his objections that his conditions in segregation on two occasions involved 30-day deprivations of hygiene necessities, a mattress, cover, and clothing.  The Court has already determined that this states a potential claim against Defendants McAdory, Williams, and Parson.  Plaintiff contends that Defendants Hankins, Proctor, Jumper, and Caraway knew that Plaintiff was without any of his "property" while in segregation.  Plaintiff may be asserting that Defendants Hankins, Proctor, Jumper, and Caraway knew that Plaintiff was without clothing, a mattress, and hygiene necessities for 30 days and had the authority to do something about it.  Accordingly, Plaintiff's motion will be granted to the extent he seeks to reinstate these four Defendants.

IT IS THEREFORE ORDERED:

    1) Plaintiff's objection to the Court's December, 2011 order is

construed as a motion to reconsider (d/e 12).  The motion is granted in part and denied in part (d/e 12).  The motion is granted to the extent Plaintiff seeks leave to reinstate Defendants Hankins, Proctor, Jumper, and Caraway.  The clerk is directed to reinstate said Defendants.  The motion is otherwise denied.

    2)  Plaintiff's motion to show cause is denied (d/e 15).

    3) Defendant Kerr is dismissed without prejudice.  The claim regarding Kerr's alleged refusal to allow Plaintiff to use the restroom is dismissed without prejudice.

    4) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

    5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed

with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on June 18, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at their place of confinement. Counsel for Defendants shall

arrange the time for the depositions.

12) Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers. Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) The Clerk is directed to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: April 16, 2012

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE