IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY BROWN, | ) |
| Plaintiff, | ) |
| v. | ) 11-CV-3195 |
| EUGENE MCADORY, JOSEPH HANKINS, CURTIS PARSONS, TARRY WILLIAMS, SHAN JUMPER, SHARLENE CARAWAY, and JOSEPH PROCTOR, | ) |
| Defendants. | ) |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center. His claims arise from his segregation between July 22-August 8, 2010, and again from March 24-April 4, 2011.

In Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002), the Seventh Circuit stated that "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no

less."  Defendants do not label the confinement Plaintiff experienced "segregation," but it effectively was.  Plaintiff was placed in an empty room by himself with nothing but the clothes on his back and, in the 2010 incident but not the 2011 incident, a mattress.  He had no freedom of movement, no property, no hygiene supplies, and no change of clothes.  His conditions were not like the mild punishment imposed on a Rushville resident in Miller v. Dobier, 634 F.3d 412 (7th Cir. 2011), as Defendants argue. The resident in Miller could leave his cell, have visitors, and have some property.  Higgs clearly establishes that Plaintiff was entitled to due process before his placement in segregation.  Defendants are not entitled to qualified immunity.

On October 14, 2014, the Court denied summary judgment and identified the following claims for trial:  (1) lack of procedural due process before Plaintiff's placement in what amounted to segregation cells; (2) a violation of Plaintiff's First Amendment rights to communicate while he was in those cells; and, (3) a claim that the conditions of the cells on both occasions deprived Plaintiff of basic necessities.  The Court assumes familiarity with that opinion.

Before the Court are Defendants' supplemental summary judgment motions on the First Amendment and procedural due process claims.

The Court agrees with Defendants that Plaintiff has no viable First Amendment claim. While in segregation, Plaintiff filed internal grievances, internal requests, court pleadings, and he also sent letters to friends and family. Plaintiff argues that he was able to do so only "illegally" with the help of other residents who surreptitiously helped him. However, Plaintiff points to no rule that prohibited him from engaging in these communications and he was not punished for doing so. Without an actual restriction on his ability to communicate, Plaintiff suffered no deprivation of his First Amendment rights.

Plaintiff also has no viable procedural due process claim based on his placement in segregation in the 2010 incident, and he does not seem to pursue such a claim. Plaintiff admits that he refused direct orders to move from his room to a different room. The refusal to move led to Plaintiff's placement in segregation and another disciplinary ticket against Plaintiff for interfering with facility operations. Procedural due process protections were provided to

Plaintiff on the disciplinary ticket for interference with operations, but, in any event, no amount of process would have made a difference since Plaintiff admits that he refused direct orders. Any procedural due process omissions would have been harmless error. Jones v. Cross, 637 F.3d 841, 846-47 (7th Cir. 2011)(delay in prison disciplinary hearing harmless where no prejudice suffered); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in disciplinary hearings).

Plaintiff does have a viable procedural due process claim regarding his placement in segregation in 2011. Whether Plaintiff was initially put in segregation in order to protect himself and the staff is a material factual dispute. Higgs, 286 F.3d at 438 ("As long as the purpose [of segregation] was indeed a preventive rather than a punitive one, he would not be entitled to notice and a hearing [before the segregation].") Additionally, the behavior committee did not give Plaintiff sufficient written notice of the facts underlying the charges. The only written notice of the charges states: "On the above date and approximate time, Resident Brown, B threatened staff." (d/e 111-2, p. 1.) Plaintiff was not told who made the accusation or what threat Plaintiff purportedly made, leaving him to

guess about the allegations against him. *See* <u>Northern v. Hanks</u>, 326 F.3d 908, 910 (7th Cir. 2003)(advance written notice includes charge and facts underlying the charge); <u>White v. Indiana Parole Bd</u>, 266 F.3d 759, 768 (7th Cir. 2001)("rudimentary procedural protections" include advance written notice of charges so that accused can assemble defense). The parties argue over whether sufficient notice would have made any difference, and Plaintiff's testimony is inconsistent on this score. Plaintiff testified that two witnesses could have exonerated him as well as a video recording, but then later Plaintiff agreed that he did not ask the behavior committee to contact any witnesses. However, whether Plaintiff could have or would have presented exonerating evidence if given a chance is also a material disputed fact.

Plaintiff also states a claim that the conditions of confinement in segregation were unconstitutional. If a jury believes Plaintiff, Plaintiff was deprived of basic hygiene necessities like soap, toothpaste, a toothbrush, a mattress, bedding, and a change of clothes for over two weeks in the first incident and almost two weeks in the second incident. Which Defendants were aware of these conditions and had the authority to take reasonable action is a

question for the jury. The Court notes, however, that Defendant Jumper was not involved in the 2011 incident, and Defendant Caraway was not involved in the 2010 incident.

**IT IS ORDERED:**

1. Defendants' supplemental motions for summary judgment are granted in part and denied in part (109, 110). Summary judgment is granted to Defendants on Plaintiff's First Amendment claims and on his procedural due process claims arising from the 2010 incident. The motions are otherwise denied.

2. Defendants' unopposed motion to compel is granted (102). Plaintiff is directed to respond to any outstanding discovery requests by June 1, 2015.

3. Attorney Daniel Noll is appointed as pro bono counsel to represent Plaintiff at the trial and in any further pretrial proceedings. Discovery will not be reopened.

4. A status conference is scheduled for June 12, 2015 at 2:00 p.m. to discuss whether the parties will consent to Magistrate Judge Schanzle-Haskins and to set a trial date. The final pretrial conference remains scheduled for July 8, 2015, at this point.

5. **The clerk is directed to alert the pro bono coordinator of the appointment of pro bono counsel in this case.**

6. **The clerk is directed to issue a video writ to secure Plaintiff's presence at the status conference on June 12, 2015.** Counsel shall appear in person.

ENTER: 5/28/2015

FOR THE COURT:

                                              **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE