IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3195 |
| | ) | |
| EUGENE MCADORY, | ) | |
| JOSEPH HANKINS, | ) | |
| CURTIS PARSONS, | ) | |
| TARRY WILLIAMS, | ) | |
| SHAN JUMPER, | ) | |
| SHARLENE CARAWAY, and | ) | |
| JOSEPH PROCTOR, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE.

This order reduces to writing the Court's rulings at the final pretrial conference on November 12, 2015. This order also strikes some of the witnesses listed on the final pretrial order because, based on the parties' statements at the final pretrial conference, the Court concludes that the witnesses either have no relevant testimony to offer or the probative value of the testimony is substantially outweighed by a danger of confusing the issues, misleading the jury, and wasting time. At the trial, the parties may

renew their request for a witness the Court has struck if the witness's testimony becomes relevant.  Similarly, regardless of the Court's rulings on the motions in limine, the parties may renew objections to the admission of particular evidence in the context of the trial.

The Court's statement of the case sets forth the only claims remaining in this case.  The only claim regarding the year 2010 is Plaintiff's claim that his conditions of confinement between July 22, 2010 and August 8, 2010 were inhumane under constitutional standards.  According to Plaintiff's statements at the final pretrial conference, several of his witnesses will testify about issues relevant to whether the behavior committee's July 22, 2010, finding that Plaintiff had committed a third minor offense was correct. [1]  That is not a claim in this case and not relevant to whether Plaintiff's conditions of confinement were inhumane.  For background, Plaintiff may explain to the jury that he refused to move from his room on July 22, 2010, because he disagreed with the behavior committee's

---

[1] Plaintiff's 7/22/10 discipline for insolence regarded charges that he argued with a staff's order to remove a drop cord from the ceiling.  The committee found that this was Plaintiff's third minor offense.  Plaintiff maintains it was only his second minor offense because a prior minor offense found by the committee (for urinating on the floor because STA Kerr would not allow Plaintiff to use the restroom even though Plaintiff purportedly had a bladder infection) was not an offense at all, since Plaintiff had allegedly already been punished for that by a "summary restriction" imposed by the Director.

decision and the committee's determination that it was Plaintiff's third minor offense. Whether or not the committee's decision regarding the third minor offense was right is not an issue for the jury to decide, and testimony about that issue would waste time and confuse the jury.

Accordingly, the following witnesses are struck from Plaintiff's witness list on the proposed final pretrial order: Kevin Winters, STA Clark, STA Smith, L. Jackson, and resident "Tiegue" (or "Tigner"). All of these witnesses were identified by Plaintiff as having testimony tending to assail the correctness of the committee's 7/22/10 decision regarding the third minor offense, which is not an issue in this case. For the same reason, the following witnesses are struck from Defendants' witness list: Walker, Clark, Jackson, and Smith. Defendants asserted at the final pretrial conference that they did not need to call STA Keller, so the Court also strikes Keller.

Resident T. Madison will also be struck from Plaintiff's witness list, because, according to Plaintiff, this witness would testify to issues relating to Plaintiff's First Amendment claim, which Judge Myerscough has dismissed.

As the Court explained at the final pretrial conference, Plaintiff's listed exhibits regarding Illinois Department of Correction procedures are irrelevant and will not be admitted in evidence. Additionally, the handbook pages which Plaintiff seeks to introduce regarding the issue about the summary restriction/second or third minor offense is irrelevant as discussed above and will not be admitted in evidence. Whether the parties' other exhibits are relevant and admissible will be determined at the trial. Before showing an exhibit to the jury, the party offering the exhibit must seek permission from the Court. Once the Court hears any objections, the Court will determine whether the exhibit is admissible.

**IT IS ORDERED:**

1. The Liberty Defendants' motion in limine 1 is granted (146).

2. The Liberty Defendants' motion in limine 2 is denied (147).

3. The Liberty Defendants' motion in limine 3 is granted (148).

4. The Liberty Defendants' motion in limine 4 is granted (149).

5. The Liberty Defendants' motion in limine 5 is granted (150).

6. The Liberty Defendants' motion in limine 6 is denied (151).

7. The Liberty Defendants' motion in limine 7 is denied (152).

8. The Liberty Defendants' motion to correct the proposed final pretrial order by replacing Exhibit E is granted (158).

9. Plaintiff's "motion to show intent" is denied (159) for the reasons stated by the Court at the final pretrial conference. In sum, the proffered evidence is not relevant to the remaining claims and does not meet the requirements for the admission of other purported "bad acts" under Fed. R. Evid. 404(b).

**10. The court reporter is directed to make a transcript from the recording of the final pretrial conference and to file the transcript.**

**11. The clerk is directed to send a copy of this order to the court reporter.**

12.    The parties (or their counsel) shall sign the proposed final pretrial order on November 16, 2015, before voir dire begins.  The clerk will then affix the Court's signature and docket the proposed final pretrial order as the final pretrial order.  The final pretrial order is subject to and modified by the rulings in this case.  For example, as the Court stated at the final pretrial conference, the uncontested issues of fact and law will not be presented to the jury unless the party seeking to do so obtains prior permission from the Court in a side bar.

13.    **The clerk is directed to issue a revised video writ to secure the presence of the following witnesses from Rushville on both November 16 and 17, 2015, from 1:00-5:00 p.m.**  The video witnesses are:  Sandra Simpson, Marie Durant, Katrina Parker, STA Angel, STA Mercer, STA J. Heller, former STA Morris, STA Collins, David Biermann, resident Jermaine Carpenter, resident Kilpatrick, and resident Lengerber/Lergerber/Linghberg (spelling not known).  This will allow flexibility in the order and timing of the witnesses. The Court was unable to find a "Kilpatrick" or a "Lengerber/Lergerber/Linghberg" listed on the sex offender website,

which may mean that there is no resident by that name at the facility.

**14.    The clerk is directed to fax this order to Rushville for delivery to Plaintiff.**

15.    Before the jury is brought in Monday morning, counsel for the Departmental Defendants shall inform the Court of the first names for Angel, Mercer, Heller, Morris, and Collins.

ENTER:  November 13, 2015

FOR THE COURT:

<u>s/Thomas P. Schanzle-Haskins</u>
THOMAS P. SCHANZLE-HASKINS
UNITED STATES DISTRICT JUDGE